FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT 05 AUG 11 AM 8: 07
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
WD OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ELBERT MANGUM, | Χ | |
| | Χ | |
| | Χ | |
| Plaintiff, | Χ | |
| | Χ | |
| vs. | Χ | No. 05-2363-Ml/P |
| | Χ | |
| JOHN E. POTTER, et al., | Χ | |
| | Χ | |
| Defendants. | Χ | |
| | Χ | |

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF PARTIAL DISMISSAL
AND
ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT

Plaintiff, Elbert Mangum, has filed a pro se employment discrimination complaint, along with a motion to proceed in forma pauperis under 28 U.S.C. § 1915(a) and for appointment of counsel. Plaintiff has an annual income of approximately $44,000 and has approximately $1,300 in cash on hand. Accordingly, the motion to proceed in forma pauperis is DENIED. Plaintiff is directed to pay the $250 filing fee within twenty days of the entry of this order. The Clerk of Court is ORDERED to file the case and to record the Defendants as John E. Potter and Cheryl Gatewood. The Clerk shall not issue process in this case.

With regard to the motion for appointment of counsel, two statutes authorize the district court to request or appoint

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-11-05



counsel for an indigent plaintiff.  Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1]  Plaintiff does not qualify as indigent under § 1915(d).

Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney."  An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel.  Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972).

Generally, a court will only appoint counsel in exceptional circumstances.  Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977).  Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time.  Plaintiff appears to understand the facts and applicable law sufficiently to represent himself.  Furthermore,

---

[1]      However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989).

2

it does not appear from the affidavit supporting his motion that he will be unable to obtain counsel on his own.  The motion is DENIED.

Plaintiff filed his complaint on a form for violations under Title VII of the Civil Rights Act of 1964.  He alleges that he filed a charge of discrimination on July 24, 2004, and received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC) on March 30, 2005.  Plaintiff alleges that Defendant Gatewood changed his sick leave to leave without pay in retaliation for prior EEO activity.  To demonstrate a prima facie case of reprisal, plaintiff must show that:

> 1)he was engaged in an activity protected by Title VII; 2) that the exercise of his civil rights was known by the defendant; 3) that, thereafter, the defendant took any employment action adverse to the Plaintiff; and 4) that there was a causal connection between the protected activity and the adverse employment action.

Harrison v. Metro. Gov't of Nashville, 80 F. 3d 1107, 1118 (6th Cir. 1996).  The allegations of the complaint are insufficient to demonstrate a prima facie case of reprisal.  Additionally, Plaintiff did not attach a copy of the charge of discrimination or the notice of right to sue.

Mangum has named Cheryl Gatewood as a Defendant.  The only proper defendant in an employment discrimination lawsuit by an employee of a federal agency is the person who is the head of that agency.  See, e.g., Hancock v. Egger, 848 F.2d 87, 89 (6th Cir. 1988); Golyar v. McCausland, 738 F. Supp. 1090, 1095 (W.D. Mich. 1990).  Accordingly, Plaintiff has no claim against Gatewood.

Any claims against Cheryl Gatewood lack an arguable basis either in law or in fact and are, therefore, DISMISSED as frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Insofar as Plaintiff is suing under the federal equal employment laws, exhaustion of administrative remedies is a prerequisite to the filing of his employment discrimination case. See generally Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Williams, 983 F.2d at 180; Parsons v. Yellow Freight Sys., Inc., 741 F.2d 871 (6th Cir. 1984). Plaintiff has not attached any exhibits to his complaint which demonstrate that he has exhausted his remedies on his claim of reprisal.

Plaintiff has at this point failed to state a cause of action that would warrant an service of his complaint. He is therefore directed to amend his complaint with additional allegations sufficient to demonstrate a prima facie case of reprisal and to submit exhibits which show he has exhausted his administrative remedies and filed this complaint after receiving a final agency decision. The Plaintiff must personally sign the amended complaint.

Plaintiff must file an amended complaint within twenty (20) days of the docketing of this order. Plaintiff must also pay the $250 filing fee within twenty (20) days of the docketing of this order. A failure to timely comply with any requirement of this

4

order will result in the dismissal of any claim for which the
Plaintiff fails to respond or of the complaint in its entirety.


IT IS SO ORDERED this ___10___ day of August, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02363 was distributed by fax, mail, or direct printing on August 11, 2005 to the parties listed.

Elbert Mangum
3531 Big Bend
Memphis, TN 38116

Honorable Jon McCalla
US DISTRICT COURT