```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

ELBERT MANGUM,

      Plaintiff,

vs.                                                 No. 05-2363-B/P

JOHN E. POTTER,

      Defendant.

```
   ORDER DENYING PLAINTIFF'S IRREGULAR MOTION (DOCKET ENTRY # 16)
      ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
                         ORDER OF DISMISSAL
                              AND
           ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```

      Plaintiff Elbert Mangum filed a pro se employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16., alleging that the Defendant retaliated against him for prior protected activity by charging him with two hours of leave without pay on July 22, 2004.  On February 2, 2006, the defendant filed a motion for summary judgment, along with a memorandum in support with attachments, including the declaration of Dino DeSorbo, Manager of the Equal Employment Opportunity ("EEO") Compliance and Appeals Office for the Southeast Area of the United States Postal Service and exhibits.  On February 28, 2006, plaintiff filed an irregular document entitled "motion for continuances with a hearing" in which he requests his day in court.  (Docket entry #16) Attached to the motion is a memorandum in support which contains facts and argument.  The Court construes the document to be plaintiff's response to the motion for summary

judgment and considers the facts and argument contained therein. Because no motion was necessary to file this response, the motion is DENIED.

The Defendant contends that plaintiff's complaint fails to state a claim upon which relief can be granted because:

1. Plaintiff's lawsuit is moot;
2. Plaintiff fails to establish a <u>prima facie</u> case of reprisal; and
3. Plaintiff failed to effect service upon the Attorney general of the United States.

The following undisputed facts appear in the record.

1. Plaintiff Mangum is employed by the Memphis Bulk Mail Center ("BMC") as a Mail Handler. (Information for Pre-Complaint Counseling at Exhibit A, Attachment 1)

2. Plaintiff initiated EEO contact on August 4, 2004, stating that he was bypassed for overtime in noncompliance with a settlement agreement in a previously filed complaint and that, additionally, on July 22, 2004, Manager of Distribution Operations ("MDO") Gatewood retaliated against him for prior protected activity by charging him with two hours of leave without pay ("LWOP"), after he had completed a 3971, Request for Leave or Notification of Absence, and had been approved for two hours of sick leave. (Information for Pre-Complaint Counseling at Exhibit A, Attachment 1)

3. Mangum contends Gatewood's action was retaliation for a prior EEO complaint filed on November 5, 2003. (Information for Pre-Complaint Counseling at Exhibit A, Attachment 1)

4. Plaintiff filed a formal EEO complaint of discrimination (Agency Case No. 1-H-374-0049-04), dated September 16, 2004, and requested 2.5 million dollars in nuisance payment and to be made whole for all missed overtime. (Formal EEO complaint at Exhibit A, Attachment 2)

5. By letter dated October 7, 2004, Shirley Watkins, Manager, EEO Dispute Resolution, requested that Plaintiff present objective proof of the alleged damages incurred. (Letter at Exhibit A, Attachment 3)

6. Mangum did not provide the requested information, but claimed by and through his representative that he did not request compensatory damages. (E-mail at Exhibit A, Attachment 4)

2

7.  On October 15, 2004, the Agency issued a final decision dismissing the formal EEO complaint for failure to state a claim.  Claim one (breach of settlement) was dismissed for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a) as it was being reviewed by the Manager of labor Relations in accordance with 29 C.F.R. § 1614.504.  (Final Agency decision at Exhibit A, Attachment 5)

8.  The Agency dismissed Plaintiff's second claim that he had been charged 2.15 hours of LWOP instead of sick leave as moot since the error was corrected in pay period 19 (August 21 – September 3, 2004) and changed to 2.15 hours of sick leave. (Final Agency decision at Exhibit A, Attachment 5 and Time records at Exhibit A, Attachment 6)

9.  The Agency noted that since Plaintiff was not seeking compensatory damages, no further relief was available.  (Final Agency Decision at Exhibit A, Attachment 5)

10. Plaintiff's subsequent appeal to the EEOC, Office of Federal Operations ("OFO") was unsuccessful as OFO found that his EEO complaint was properly dismissed for failure to state a claim. (OFO decision at Exhibit A, Attachment 7)

11. The OFO stated that the Agency properly noted that EEOC regulations do not allow for settlement breach allegations to be treated as a new claim of discrimination, but would be processed pursuant to 29 CFR § 1614.504(a).  (OFO decision at Exhibit A, Attachment 7)

12. By Order dated March 30, 2005, the OFO denied Plaintiff's subsequent request for reconsideration.  (Order of March 30, 2005 at Exhibit A, Attachment 8)

Mangum's response to defendant's motion contains a statement that his overtime issues have never been addressed.  The overtime claim is not properly before this Court.  The Final Agency decision states that the overtime claim was based upon a breach of a settlement agreement in a previously filed complaint and, at the time the decision was rendered, Plaintiff's claim was under review, by the Manager, Labor Relations, Tennessee District, in accordance with 29 C.F.R. § 1614.504, to determine if the agreement had been breached.  Upon receipt of that final determination and if still dissatisfied, Plaintiff was then entitled to file an appeal with

the OFO. Plaintiff has failed to demonstrate that he exhausted his administrative remedies on the overtime claim before filing this lawsuit.

Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. See generally Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984). Plaintiff has clearly not exhausted his administrative remedies on his claim that he was bypassed for overtime. As that claim is unexhausted, it is DISMISSED without prejudice so that plaintiff may exhaust his administrative remedies.

The Court has reviewed the record as a whole and determined that the second ground of defendant's motion for summary judgment is dispositive of the remaining claim. Plaintiff cannot establish a prima facie case of retaliation on his claim that he was charged LWOP for approved sick leave.

The defendant's motion for summary judgment is reviewed under the following standard:

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as

the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Id. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court set forth a methodology for evaluating evidence in discrimination cases. That methodology has been summarized as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reasons for the employee's rejection." . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)(citations omitted). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated

against the plaintiff remains at all times with the plaintiff."
Id. at 253.

> To make a prima facie case of Title VII retaliation, a plaintiff must prove: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action.

Ford v. General Motors Corp., 305 F.3d 545, 552-53 (6th Cir. 2002).

In Crady v. Liberty National Bank & Trust Co. of Indiana, 993 F.2d 132, 136 (7th Cir. 1993), the Seventh Circuit explained the requirements for establishing a materially adverse employment action in the context of an age discrimination case:

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

Id.  The Sixth Circuit adopted the Crady factors in Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 886 (6th Cir. 1996). Crady arose under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and Kocsis addressed the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213.

Recently, the Supreme Court, in Burlington Northern and Santa Fe Railway Co. v. White, 126 S. Ct. 2405 (June 22, 2006), distinguished between the standards applicable to discrimination and retaliation claims.  Title VII's anti-retaliation provision forbids employer actions that "'discriminate against' an employee

6

(or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.' § 200e-3(a)." Id. at 2410. The Court held that unlike discrimination claims, in which Plaintiff is required to show an adverse employment action, retaliation claims are "not limited to discriminatory actions that affect terms and conditions of employment," id. at 2412-13, or "ultimate employment decisions." Id. at 2414.

"A plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington, 126 S. Ct. at 2415 (citations omitted). The Court then distinguished significant harms from trivial ones, petty slights, minor annoyances, and lack of good manners, using the objective standard of a reasonable employee rather than one fraught with "the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings." Id. The Court also noted that the significance of any given act of retaliation will often depend upon the particular circumstances. Id. Accordingly, employment actions which are de minimus are not actionable under Title VII. Bowman v. Shawnee State University, 220 F.3d 456, 462 (6th Cir. 2000). "If every low evaluation or other action by an employer that makes an employee unhappy or resentful were considered an adverse action, Title VII would be triggered by supervisor criticism or even facial expressions

7

indicating displeasure."  Primes v. Reno, 190 F.3d 765, 767 (6th Cir. 1999).

The defendant compares the plight of this plaintiff, who was charged 2.15 hours of LWOP, but later had the action corrected, with the plaintiff in Mayers v. Campbell, 87 Fed. Appx. 467, 471 (6th Cir. 2003), who was paid two days of back pay fifty-six days after the reversal of a suspension, rather than within thirty days. The Court agrees that the comparison is on point.  The slight delay in payment to plaintiff of the 2.15 hours of sick leave was not a materially adverse action.  The defendant took corrective action which constituted full relief and eradicated the effects of the alleged discrimination.  Furthermore, plaintiff was not dissuaded from filing his administrative or this civil complaint.  A reasonable employee would have been content with the compensation for 2.15 hours of sick leave, and there is nothing about the challenged action which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington, 126 S. Ct. at 2415.

Consequently, Mangum fails to present facts sufficient to establish a prima facie case of reprisal, and therefore, summary judgment under the McDonnell Douglas approach is appropriate. Accordingly, the defendant's motion for summary judgment is hereby GRANTED and the complaint is dismissed in its entirety.

The same considerations that lead the Court to grant the defendant's motion for summary judgment in this case also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that

any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997), and Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999), apply to any appeal filed by the plaintiff in this case.  If plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] or file a request for leave to appeal in forma pauperis by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal."  Callihan, 178 F.3d at 803.  Under Callihan, if the appellant does not within this thirty-day period either file the required motion or pay the filing fee, the appeal will be dismissed for want of prosecution.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  Id. at 804.

IT IS SO ORDERED this 22nd day of August, 2006.

                                    s/J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing an appeal is $450.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.